1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**
                              **DISTRICT OF NEVADA**
7                               **RENO, NEVADA**

8
CHRISTOPHER A. JONES,            )        3:00-CV-0509-ECR-VPC
9                               )
          Plaintiff,            )
10                              )
vs.                            )        **ORDER**
11                              )
BECKI LOPEZ,                    )
12                              )
          Defendant.           )
13                              )
_____)
14

15

16      On February 20, 2007, the Magistrate Judge entered a Report

17 and Recommendation (#266) recommending that Defendant's motion for

18 summary judgment (#238) be granted with respect to count one of

19 Plaintiff's Fourth Amended Complaint (#119) and denied with respect

20 to count three.[1]  Plaintiff filed Objections (#271) to the

21 Magistrate Judge's Report and Recommendation on March 14, 2007.

22 With the following additional comments, the Magistrate Judge's

23 report is **ADOPTED**.

24      In count one, Plaintiff alleges that his legal papers were

25 destroyed when he refused to comply with Defendant Lopez' orders to

26

27      [1]There are only two counts.  Count two was previously dismissed
   (#95, #102) and Plaintiff has retained his prior numbering in his
28 Fourth Amended Complaint.

move his property.  Plaintiff contends that these orders violated

his doctor's orders and that the destruction of his legal papers

caused him injury in his habeas proceedings in both state and

federal court.  He further contends that the destruction of his

property constituted a deprivation of due process, unconstitutional

retaliation for exercising his Eighth Amendment rights, and

unconstitutional obstruction of his right to access the courts.  In

Plaintiff's Fourth Amended Complaint he cites the First and

Fourteenth Amendment, rather than the Eighth Amendment.

We agree with the Magistrate Judge that the allegations are

serious and we also agree that there are genuine issues of material

fact regarding whether Plaintiff's legal materials were destroyed.

Under the rule of Hudson v. Palmer, 468 U.S. 517 (1984), however,

Plaintiff does not have an actionable Fourteenth Amendment claim

unless the State of Nevada does not provide "an adequate

postdeprivation remedy" for prisoners in Plaintiff's circumstances.

Id. at 536; see Emil v. Crawford, 125 Fed.Appx. 112 (9th Cir. 2005)

(applying the rule of Hudson v. Palmer to Nevada).

Plaintiff argues that Defendant Lopez retaliated against him

"for refusing to comply with her unreasonable order to violate a

trained medical professional's preventative / protective medical

restrictions," and that the destruction of his property violated

his Eighth Amendment rights.  (P.'s Opp. To Def.'s Mot. for Summ.

J., #251-1, at 25).  Plaintiff asserts that he "had a right to

refuse to engage in [medically] prohibited activities that could

injure him or cause him unnecessary pain."  (Id. at 26.)  Although

circumstances might arise where a prisoner could justifiably refuse

1  to comply with an outrageous order from a prison guard, the Eighth

2  Amendment does not create an affirmative constitutional right to

3  refuse orders.  Even if we were to recognize such a right,

4  Defendant Lopez would be entitled to summary judgment on the basis

5  of qualified immunity.

6      With respect to Plaintiff's claim in count one that he has

7  unconstitutionally been deprived of access to the courts, Plaintiff

8  objects that the Magistrate Judge has found that the Nevada Supreme

9  Court considered his Amended Opening Brief in his habeas appeal,

10 whereas a different federal judge in this district previously found

11 the opposite in requiring Plaintiff to exhaust his state habeas

12 claims.  Plaintiff argues that this discrepancy creates a genuine

13 issue of material fact.  We disagree, and the Magistrate Judge

14 squarely addressed this issue, noting that "Rather than notifying

15 this court [i.e., the federal district court judge considering

16 Plaintiff's federal habeas petition] that the Nevada Supreme Court

17 had indeed considered plaintiff's amended opening brief on his

18 *petition for rehearing*, plaintiff elected dismiss the entire action

19 and return to state court to exhaust."  (Report and Recommendation

20 at 18 (#266) (emphasis added).)  In light of the denial of the

21 petition for rehearing, the fact that the prior Amended Opening

22 Brief was filed very shortly before the Nevada Supreme Court's

23 decision in his state habeas appeal does not create a genuine issue

24 of material fact as to whether his filing was considered.

25 Moreover, even if the Amended Opening Brief was not considered

26 Plaintiff's allegation that he was injured remains complete

27 speculation.

28

1    There is no evidence before this Court that would establish

2  that the alleged destruction of Plaintiff's legal documents either

3  impaired his right to file his habeas claim or prevented the Nevada

4  Supreme Court from reviewing it.  Plaintiff has failed to

5  demonstrate evidence of any actual injury.

6    In count three Plaintiff alleges that Lopez retaliated against

7  him for filing grievances by submitting false disciplinary reports.

8  Defendant argues that the "some evidence" standard is applicable to

9  Plaintiff's claim that the disciplinary charges were retaliatory.

10  Ninth Circuit precedent makes it quite clear that the "some

11  evidence" standard does not apply to Plaintiff's claim.  Hines v.

12  Gomez, 108 F.3d 265, 268 (9th Cir. 1997).  Genuine issues of

13  material fact preclude summary judgment with respect to count

14  three.

15    Plaintiff's pro se complaint leaves some ambiguity as to

16  whether he intended to plead First Amendment retaliation with

17  respect to the destruction of his property in count one or in count

18  three.  The Magistrate Judge, in recommending granting summary

19  judgment on count one, nevertheless considered the facts of count

20  one as they were incorporated by reference into count three.  We

21  agree with the Magistrate Judge that summary judgment cannot be

22  granted on this record with respect to Plaintiff's claim that the

23  destruction of his property was retaliation for Plaintiff's prior

24  filing of grievances in violation of the First Amendment.

25    Defendant's motion (#238) for summary judgment is **GRANTED** with

26  respect to count one of Plaintiff's complaint without prejudice to

27  Plaintiff pursuing state law remedies for the deprivation of his

28                                    4

1   property.   Defendant's motion (#238) for summary judgment is **DENIED**

2   with respect to count three of Plaintiff's complaint.

3          DATED: This___26th___day of March, 2007

4

5          _____

6                         UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                              5