# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER JONES, et al., ) | 3:00-CV-0509-ECR (VPC) |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| BECKI LOPEZ, ) | |
| Defendant. ) | |

Before the court is plaintiff's amended bill of costs and or [sic], in the alternative, motion for costs unenunciated in 28 U.S.C. § 1920 and LR 54-6 per 42 U.S.C. § 1988 (#302), as well as a subsequent amendment (#321). Defendant opposed (#s 310 & 311), and plaintiff replied (#322).

Pursuant to a settlement of this action, the District Court dismissed this case, but retained jurisdiction to adjudicate an award costs that plaintiff alleges he incurred (#300). Plaintiff received $750.00 in the settlement, and the parties agreed to submit the matter of plaintiff's claimed costs to the court for final disposition. Plaintiff claims the following costs (#321):

| | |
|---|---|
| Postage | 277.60 |
| Legal Copy Work | 443.80 |
| Docket Fee | 105.00[1] |
| Legal Supplies | 103.10 |
| Total | 929.50[2] |

---

[1] This fee is for plaintiff's appeal.

[2] The court notes that plaintiff claims $929.60 as his costs on his second amended bills of costs, but the court's addition totals the costs at $929.50.

1    Local Rule 54-6 provides that "the cost of copies of motions, pleadings, notices and other routine case papers are not allowable; however, the statutes underlying plaintiff's claims, 42 U.S.C. §§ 1983 and 1988, provide that attorney's fees may be considered costs. The Ninth Circuit has ruled that a *pro se* litigant in a Section 1983 action may be entitled to recover actual costs reasonably incurred if such costs could be calculated as part of an attorney's overhead expenses. *Burt v. Hennessey,* 929 F.2d 457 (9th Cir. 1991). Included in the costs the court granted in *Burt* were costs of photocopying pleadings. *Id.* at 459. Therefore, notwithstanding the Local Rule 54-6, plaintiff is entitled to limited copying costs.

The costs a plaintiff may be awarded falls within the discretion of the court. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.,* 342 F.3d 1016, 1022 (9th Cir. 2003). In exercising its discretion, the court may consider the plaintiff's degree of success in prevailing on his or her claim. *Id.* at 1023. Limited success for a *pro se* plaintiff may also be reflected in the costs awarded, just as an attorney's limited success in a Section 1988 action bears on an award of attorney's fees. *Farrar v. Hobby,* 506 U.S. 103, 114 (1992).

Attached to plaintiff's amended and second amended bills of costs are receipts for legal copies, but they do not indicate which costs are attributable to pleadings versus other filings. The court notes that this case was pending for seven years, there are 328 docket entries, and plaintiff amended his complaint four times (#s 36, 48, 77, & 119). In addition, plaintiff has several other actions pending before this court, and the receipts do not indicate whether the submitted copying costs are attributable to this action. The court further notes that plaintiff increased the cost of litigating this case by filing excessive motions of a duplicative and frivolous nature. Based upon these considerations, the court finds taxable costs for photocopying in the amount of $75.00. As to plaintiff's costs for postage and legal supplies, the court finds there is no basis for an award of these costs, and they are denied. Finally, plaintiff seeks reimbursement in the amount of $105.00 for his filing fee to the Ninth Circuit Court of Appeals, which the defendant does not dispute.

/ / /

/ / /

/ / /

Based upon the foregoing, the taxable costs to be awarded plaintiff in this matter are $75.00 for photocopying and $105.00 for the filing fee for a total of **$180.00.**

**IT IS SO ORDERED.**

DATED: April 24, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

3